UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MICHAEL ASHFORD** | : | **CIVIL ACTION NO. 19-cv-610** |
| **VERSUS** | : | **JUDGE WALTER** |
| **AEROFRAME SERVICES, LLC, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

MEMORANDUM RULING ON
AEROFRAME SERVICES, LLC'S MOTION
FOR LEAVE OF COURT TO CONDUCT DISCOVERY

Before the court is a Motion for Leave of Court to Conduct Discovery filed by Aeroframe Services, LLC ("Aeroframe"). Doc. 106. Through that discovery Aeroframe asks defendant Aviation Technical Services, Inc. ("ATS"), to

> copy and produce all Aeroframe employee files, payroll information, and employee benefit information relative to to [sic] these Aeroframe employees. This information shall include time sheets or pay logs for the last eight (8) weeks of employment, records related to accrued vacation or sick leave benefits of each of these employees, and records of any other benefit to which each of these employees may be entitled.

Doc. 106, att. 2. In its motion, Aeroframe suggests that it needs leave of court to conduct this discovery because "in Aeroframe 1 [14-cv-992], (document numbers 103 and 104) it appears that the Court initially authorized the parties to begin discovery, but then entered an order that appears to have reversed its prior decision." We have reviewed document 104 from *Ashford 1* – it was the ruling of the district court rendered over four years ago denying as moot a Motion for Summary Judgment filed by plaintiff Ashford against Aeroframe and a Motion to Dismiss for lack of

-1-

jurisdiction filed by Aeroframe against Ashford.[1] We see nothing in that ruling that would cause anyone to think that somehow the court curtailed discovery in this matter. In fact, on the very same day the ruling was issued, the district court partially granted a request to consolidate the cases but allowed the consolidation for discovery purposes only and further stated that the parties "may begin discovery immediately." *Ashford 1*, 14-cv-992, doc. 103, p. 4.

ATS opposes the motion. Doc. 108. ATS illustrates more recent activity by Aeroframe that, according to it, supports the overarching theme of this litigation and that is for Aeroframe and Porter (for which Aeroframe is but an alter-ego) to get back to state court to assert its claims against ATS there. It notes the absurdity of Aeroframe's filing answers in cases where we issued notice to plaintiffs that we would dismiss their claims against Aeroframe for failure to prosecute as, in some cases, plaintiffs failed to take a default against Aeroframe within sixty days after services and, ,in other cases, plaintiffs failed to effect service on Aeroframe within ninety days. Docs. 102, 103. ATS hypothesizes that, "[w]hile most defendants would be thrilled to receive a notice from the Court of its intent to dismiss . . . Aeroframe wants to remain in the cases so the Cox Firm, representing the Aeroframe employees and Aeroframe's sole decision maker – Roger Porter ["Porter"], can continue to argue that this Court lacks jurisdiction." Doc. 108, p. 2. It is certainly perplexing why an adversary (if he, she, or it is truly an adversary) would take positive action to keep claims against it alive and we can think of no reason why such a litigant would do so other than for the reason suggested by ATS. ATS also suggests that Aeroframe does not truly need the information sought to defend itself against the employees' claims[2] but rather it merely "seeks to harass ATS with burdensome discover[sic]." Doc. 108, p. 5.

---

[1] The district court concluded that the purpose of these motions was to relitigate the issue of subject matter jurisdiction which, at that point, had already been decided, although reversed later by the Fifth Circuit.
[2] We don't disagree with ATS's suggestion too that Aeroframe really does not need this discovery to defend itself. Aeroframe needed no such records to "defend" itself against Ashford's Motion for Summary Judgment denied as moot

And all of that may well be true. But this is a discovery matter. Aeroframe claims to need its business records to defend itself against claims of the plaintiffs. Rule 26(b)(1) of the Federal Rules of Procedure allow for discovery of any "non privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The information sought could be relevant to its defense of the employees' claims. It is curious why Aeroframe waited until seven and one-half years after the first suit was filed to ask for it. It is also curious why Aeroframe has not simply asked the plaintiffs through ordinary discovery procedures what they are owed.[3] And it is curious why Aeroframe feels a need to defend itself against the plaintiff-employee claims when (as ATS points out and as has been mentioned innumerable times throughout this litigation), attorney Somer Brown ("Brown") enticed her plaintiff-employee clients to sign a waiver of conflict so that her law partner, Thomas A. Filo ("Filo") could represent Porter[4] in the now infamous "Brown email" that stated "Aeroframe has retained counsel from Natchitoches who is working cooperatively with us and will not defend against your wage claims."[5] Doc. 46, att. 40, p. 3. Because Aeroframe feigns to need this information and despite all of the foregoing which rightfully causes one to question their sincerity in this request, we will grant the motion.

However, we will not require ATS to incur the expense of producing the information sought. Aeroframe laments in its request for the discovery that "[u]ndersigned counsel has no records from AEROFRAME SERVICES, L.L.C., as all of those records were seized by

---

by the district court as discussed above. Aeroframe seems intent on seeing this farce to the bitter end, regardless of the resources wasted.

[3] We have no inkling of how close and personal Aeroframe's current counsel may be to the Cox firm but we know the previous Aeroframe counsel, The Williams Family Law Firm, was so close to the Cox firm that they required Porter to sign a conflict waiver before they would agree to represent Aeroframe.

[4] More precisely, the waiver of conflict was so that Filo could enroll as Porter counsel. As we found in our Report and Recommendation (doc. 62, adopted by the district court at doc. 69), Filo had been representing Porter since before the first plaintiff-employee lawsuit had been filed. *See* doc. 62, pp. 19-21.

[5] Are plaintiff-employees now allowed to rescind that waiver since Aeroframe is now pretending to defend against their claims??

AVIATION TECHNICAL SERVICES, INC." Doc. 106, p. 2. The "seizure" to which Aeroframe refers was a transfer of Aeroframe assets that acted as security for a debt on which Aeroframe was woefully delinquent through a Strict Foreclosure Agreement signed by Aeroframe and ATS. Doc. 92, att. 17. As discussed elsewhere, it is this "seizure" that, according to the non-ATS litigants, formed part of the ATS nefarious conduct that caused their damages. In its opposition ATS acknowledges that it has possession of the Aeroframe computers and that the computers and all information contained therein have been part of a litigation hold. Doc. 108, p. 6. Aeroframe may make arrangements with the third-party custodian of the computers, Business Intelligence Associates, Inc., to obtain a copy of any or all of the hard drives at its own expense, after which point it can access any records it deems appropriate.[6] These arrangements are to be made no later than April 2, 2021, or Aeroframe's request for the records will be deemed abandoned.[7]

THUS DONE AND SIGNED in Chambers this 23rd day of March, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

[6] Perhaps as part of its review Aeroframe could conduct a search as to whether Roger Porter improperly transferred funds from the business before it closed as has been alleged by every plaintiff-employee of which we are aware that was represented by someone other than Brown.

[7] This deadline will be modified should Aeroframe seek review of this ruling from the district court.